IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PERCY FOREMAN, PRO SE, § | | |
| also known as LARRY FOREMAN, § | | |
| TDCJ-CID No. 926545, § | | |
| Previous TDCJ-CID No. 369930, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:10-CV-0121 | |
| § | | |
| JOHN H. ADAMS, Senior Warden; § | | |
| STEPHEN A. HUGHES, CO II; and § | | |
| ZACHARY W. ROGERS, CO II; § | | |
| § | | |
| Defendants. § | | |

**REPORT AND RECOMMENDATION**

Plaintiff PERCY FOREMAN, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

Plaintiff alleges on March 8, 2010, he was moved from transit to a "regular cell" where he was celled with inmate Steven Ray Lockett. Plaintiff says Lockett was a known member of a security threat group. Plaintiff states that, at that time, "Administration" knew plaintiff had a known enemy who was a member of that same security threat group, an inmate Mayfield.

Plaintiff alleges on March 10, 2010, he was taken to a Unit Classification Committee (U.C.C.) hearing at which time defendant ADAMS acknowledged plaintiff should not have been moved to a regular cell before going to U.C.C. Plaintiff says, when he was returned to his cell, plaintiff told his escorting officer, defendant Officer ROGERS, that he "needed to speak to a

supervisor because [plaintiff] and [plaintiff's] cellie were having some major problems and it was important that [he] speak to a supervisor immediately." Plaintiff says Officer ROGERS later told him he had informed Sgt. Ponder and that Ponder would be there to see what the problem was. Plaintiff says that occurred in the first half of the shift, but Sgt. Ponder had not shown up. Instead, defendant Officer HUGHES arrived and tried to talk to plaintiff and his cellie to find out what the problem was. Plaintiff said HUGHES stated he had also informed Sgt. Ponder, but doesn't state what HUGHES had told Ponder.

  Plaintiff alleges that, while HUGHES was there, inmate LOCKETT walked around the cell holding a pen in his hand and then attacked plaintiff and beat him with a radio and a coffee cup. Plaintiff states defendant HUGHES did not have a bean tool with him, "so he could not do anything but witness the attack." Plaintiff references an Affidavit from an inmate Tipton which was attached to plaintiff's original complaint as "Exhibit A," and a letter from plaintiff to the Amarillo Police Department, which was attached to plaintiff's original complaint as "Exhibit B." By the Affidavit, inmate Tipton states, in relevant part, that defendant HUGHES came to plaintiff's cell on March 28, 2010 at plaintiff's request and stated he couldn't open the bean shoot during the incident because he didn't have a bean tool with him. Tipton says HUGHES also said he didn't know what to do because he hadn't ever been in that position before and admitted he was in violation of prison regulations for not having his bean tool with him. In his letter to the Amarillo Police Department, plaintiff complains he has not received a response to his letter to the Office of the Inspector General and states "the administration is trying to cover up this incident. . . ."

  Plaintiff states the incident left him with a broken nose and permanent scars on his face.

  Plaintiff requests $75,000.00 in compensatory damages, $30,000.00 in punitive damages,

a unit transfer for safety, and a "T.R.O. for new Unit for safety."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The Eighth Amendment's proscription against cruel and unusual punishment requires prison officials to protect inmates from violent attacks by other inmates. *Farmer v. Brennan,* 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). However, not every injury "suffered by one prisoner at the hands of another ... translates into constitutional liability for

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

prison officials responsible for the victim's safety." *Id.* at 834, 114 S.Ct. 1970. Liability for an Eighth Amendment deprivation requires the same delinquency in denial of protection against harm from other inmates as it does for denial of medical care, *Johnston v. Lucas*, 786 F.2d at 1259; thus, there must be an allegation of facts which will support deliberate indifference on the part of officials, *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). The plaintiff prisoner must prove: (1) he is incarcerated under conditions "posing a substantial risk of serious harm," and (2) that the defendant prison official's state of mind is one of "deliberate indifference" to the prisoner's health or safety. *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot under our cases be condemned as infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811, 823 (1994). Furthermore, the mere negligent failure to protect a prisoner from assault does not comprise a constitutional violation. *See Davidson v. Cannon,* 474 U.S. 344, 347-48, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990).

Initially, the Court notes plaintiff does not allege any one or more of the defendants made his cell assignment, and plaintiff does not allege his cellmate was actually a known enemy of his, just that he was in the same gang as a known enemy. While plaintiff alleges "the Administration" knew this fact, he does not allege any one or more of the defendants had that knowledge or ignored it in making his cell assignment. To the extent plaintiff is attempting to state a claim of vicarious liability based on "respondeat superior," such theories cannot support a cause of action under section 1983. *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987).

While defendant Warden ADAMS is alleged to have acknowledged that plaintiff should

not have been moved to a "regular cell" without a U.C.C. hearing first, there is no indication anything was discussed at that March 10, 2010 hearing which should have changed plaintiff's assignment. Instead, after the U.C.C. hearing, plaintiff was returned to his cell with inmate Lockett. Nothing alleged by plaintiff supports a claim defendant ADAMS knew facts indicating plaintiff was incarcerated under conditions "posing a substantial risk of serious harm," or that he was indifferent to such conditions.

Plaintiff's claims against defendant ROGERS appears to be that he told him he was having "serious problems" with his cellmate and needed to speak to a supervisor. Plaintiff's own allegations show defendant ROGERS informed his supervisor and even told plaintiff he had done so. No fact alleged by plaintiff shows defendant ROGERS was deliberately indifferent to plaintiff's safety or ignored any fact known to him indicating he was in substantial risk of serious harm.

As to defendant HUGHES, plaintiff complains HUGHES was standing there trying to talk to plaintiff and his cellmate to find out what the problem was when plaintiff's cellmate attacked. Although plaintiff apparently faults HUGHES for not having his bean tool with him at the time, that fact does not support a claim of deliberate indifference but, at most, one of negligence, if that.

To the extent plaintiff feels a cause of action can be based on HUGHES' alleged failure to carry a bean tool with him in violation of prison regulations, the mere allegation that prison policies were not followed does not state a claim. *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996) (*per curiam*) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met). Further, in the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293,

132 L.Ed.2d 418 (1995), plaintiff has no created liberty interest in the regulations of Texas Department of Criminal Justice-Institutional Division. The failure of an officer to follow agency procedural regulations or even the relevant state law is not, without more, a constitutional violation, because the relevant constitutional minima may nevertheless have been satisfied. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Thus, HUGHES' alleged failure to comply with TDCJ regulations does not support a claim of constitutional dimension.

Lastly, to the extent plaintiff attempts to state a claim based on an allegation of threatening language from any one or more of the defendants, it is clearly established that mere allegations of verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Mere threatening language and gestures of a custodial officer do not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.); *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983)(quoting *Coyle v. Hughs*, 436 F.Supp. 591, 593 (W.D.Okla. 1977)). Consequently, such allegations will not support a claim of violation of plaintiff's constitutional rights.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Claim filed pursuant to Title 42, United States Code, Section 1983, by plaintiff PERCY FOREMAN be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO

STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of February, 2011.

*(signature)*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).